UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-9130-DOC (KK) | Date | November 30, 2015 |
|---|---|---|---|
| Title | Lewis Marquis Burns v. Clark E. Ducart | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed As Untimely**

## I.
## INTRODUCTION

Petitioner Lewis Marquis Burns ("Petitioner"), an inmate at Pelican Bay State Prison proceeding <u>pro se</u>, has filed a Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to 28 U.S.C. § 2254. However, the Petition appears to be untimely on its face. The Court thus orders Petitioner to show cause why this action should not be dismissed as untimely.

## II.
## BACKGROUND

On December 1, 2010, following a jury trial in California Superior Court for the County of Los Angeles, Petitioner was convicted of two counts of attempted murder, personal discharge of a firearm, and that the offense was committed for the benefit of, at the direction of a criminal street gang in violation of California Penal Code sections 187(a), 12022.7, 12022.53(B), and 186.22(B)(1)(c). ECF Docket No. ("Dkt.") 1, Pet. at 2[1]. On February 22, 2011, Petitioner was sentenced to a term of forty-two years to life on count one and twenty-seven years and four and a half months to life on count two. <u>Id.</u>

On February 2, 2012, the California Court of Appeal affirmed Petitioner's

---

[1] The Court refers to the Petition's pages as if they were consecutively numbered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9130-DOC (KK) | Date | November 30, 2015 |
|---|---|---|---|
| Title | Lewis Marquis Burns v. Clark E. Ducart | | |

conviction.  Id. at 3.

Petitioner filed a petition for review in the California Supreme Court.  Id.  On May 9, 2012, the California Supreme Court denied the petition for review.  Id.

On April 16, 2013, Petitioner filed a habeas petition in California Superior Court for the County of Los Angeles, case number BA368365.  Id. at 3, 28-29.  On April 22, 2013, the Superior Court denied the petition.  Id. at 4, 28-29.

On May 24, 2013, Petitioner filed a habeas petition with the California Court of Appeal, case number B248922.  Id. at 4, 27.  On June 5, 2013, the California Court of Appeal denied the petition.  Id.

On December 11, 2013, Petitioner filed a habeas petition with the California Supreme Court, case number S215301.  California Courts, Supreme Court, Docket (Nov. 30, 2015, 1:28 PM), http://appellatecases.courtinfo.ca.gov/search/case/main CaseScreen.cfm?dist=0&doc_id=2064200&doc_no=S215301.  On February 19, 2014, the California Supreme Court denied the petition.  Pet. at 5, 30.

On November 18, 2015, Petitioner constructively filed the instant Petition.[2]  Id. at 45.  The Petition raises five claims: (1) insufficient evidence; (2) instructional error; (3) ineffective assistance of counsel due to counsel's "acquiescence in the supplemental instruction"; (4) ineffective assistance of counsel for failure to cross-examine the prosecution's gang expert; and (5) improper admission of an unconstitutionally suggestive identification.  Id. at 11-26.

///
///
///

---

[2]   Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).  Here, Petitioner signed the Petition on November 18, 2015.  Pet. at 45.  Thus, the Court deems November 18, 2015 the Petition's filing date.  See Roberts, 627 F.3d at 770 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9130-DOC (KK) | Date | November 30, 2015 |
|---|---|---|---|
| Title | Lewis Marquis Burns v. Clark E. Ducart | | |

///

### III.
### DISCUSSION

**A.   The Petition Was Filed After AEDPA's One-Year Limitations Period.**

Petitioner filed the Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Id. at 45.  Therefore, the requirements for habeas relief set forth in AEDPA apply.  Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014).  AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition."  Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted).  Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").  "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court.  Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

Here, Petitioner's conviction became final on August 7, 2012, i.e., ninety days after the California Supreme Court denied Petitioner's petition for review on May 9, 2012.  Porter, 620 F.3d at 958-59.  AEDPA's one-year limitations period commenced the next day, August 8, 2012, and expired on August 8, 2013.  28 U.S.C. § 2244(d)(1).  However, Petitioner filed the Petition on November 18, 2015.  Pet. at 45.  Therefore, in the absence of any applicable tolling, the Court deems the Petition untimely by over two years under Section 2244(d)(1).  Thompson, 681 F.3d at 1093.

**B.   Statutory Tolling Does Not Render The Petition Timely.**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9130-DOC (KK) | Date | November 30, 2015 |
|---|---|---|---|
| Title | Lewis Marquis Burns v. Clark E. Ducart | | |

However, "[a] petitioner who unreasonably delays in filing a state habeas petition would not be granted the benefit of statutory tolling because the petition would not be considered 'pending' or 'properly filed' within the meaning of § 2244(d)(2)." Id. (citations omitted). If a state court denies the petitioner's state habeas petition and the petitioner fails to file a subsequent state habeas petition within a reasonable time period, the petitioner's unreasonable delay precludes statutory tolling. Evans v. Chavis, 546 U.S. 189, 201, 126 S. Ct. 846, 854, 163 L. Ed. 2d 684 (2006) (holding unreasonable a delay exceeding sixty days because "most States" allow delays of only thirty to sixty days); Stewart v. Cate, 757 F.3d 929, 937 (9th Cir. 2014) (holding unreasonable a delay of 100 days); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding unreasonable delays of 101 days and 115 days). Moreover, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

Here, AEDPA's one-year statute of limitations commenced on August 8, 2012 and ran for 251 days before Petitioner filed his first state habeas petition on April 16, 2013. 28 U.S.C. § 2244(d)(1); Pet. at 3. Statutory tolling applied from the date Petitioner filed his first state habeas petition on April 16, 2013 until Petitioner's second state habeas petition was denied on June 5, 2013. Nedds, 678 F.3d at 780.

However, Petitioner waited 189 days after the denial of his second state habeas petition to file his third state habeas petition on December 11, 2013, and this unreasonable delay precludes statutory tolling. Chavis, 546 U.S. at 201; Stewart, 757 F.3d at 937; Chaffer, 592 F.3d at 1048. Accordingly, AEDPA's one-year statute of limitations recommenced on June 6, 2013, the day after Petitioner's second state habeas petition was denied, and expired 114 later on September 28, 2013.

Moreover, Petitioner is not entitled to statutory tolling during the pendency of his third state habeas petition filed on December 11, 2013. Petitioner filed his third state habeas petition seventy-five days after AEDPA's statute of limitations expired on September 28, 2013. Id. Thus, Section 2244(d)(2) does not permit the reinitiation of the limitations period. Ferguson, 321 F.3d at 823. Therefore, statutory tolling does not render the Petition timely.

**C.     Equitable Tolling Does Not Render The Petition Timely.**

In addition to the statutory tolling provided for by Section 2244(d)(2), the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9130-DOC (KK) | Date | November 30, 2015 |
|---|---|---|---|
| Title | Lewis Marquis Burns v. Clark E. Ducart | | |

"AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. Bills, 628 F.3d at 1097.

## IV.
## ORDER

As such, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response **no later than December 30, 2015**.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

The Court expressly warns Petitioner that failure to timely file a response to this Order will result in a recommendation that the Court dismiss this action with prejudice for his failure to comply with court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9130-DOC (KK) | Date | November 30, 2015 |
|---|---|---|---|
| Title | Lewis Marquis Burns v. Clark E. Ducart | | |

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**